1
2
3
4
5
6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *
                                          )
9    TITANESS LIGHT SHOP, LLC,            )
                                          )
10            Plaintiff,                   )        3:12-cv-0620-LRH-VPC
                                          )
11    v.                                   )
                                          )        ORDER
12   SUNLIGHT SUPPLY INC.; et al.,         )
                                          )
13            Defendants.                  )
                                          )
14   ———————————————————————

15          Before the court is plaintiff and counter-defendant Titaness Light Shop, LLC's ("TLC")

16   motion to strike portions of defendants Sunlight Supply Inc. and IP Holdings, LLC's (collectively

17   "defendants") reply in support of defendants' motion for preliminary injunction (Doc. #31[1]). Doc.

18   #32. Defendants filed an opposition (Doc. #34) to which TLC replied (Doc. #35).

19          The court may strike a filing for "any redundant, immaterial, impertinent, or scandalous

20   matter." FED. R. CIV. P. 12(f). Further, to the extent that a party raises a new argument or proffers

21   new evidence and information in a reply brief, that argument or evidence is improper because the

22   opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3

23   F.3d 1271, 1273 n.3 (9th Cir. 1993). Therefore, the court cannot consider new evidence provided in

24   a reply when the other party does not have an opportunity to respond to the evidence. *Provenz v.*

25   *Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

26
     ————————————————
                 [1] Refers to the court's docket number.

1          Here, defendants argue that their reply brief only responds to certain arguments raised in

2    TLC's opposition, and as such, these arguments should not be stricken from the reply. The court

3    agrees. However, the court finds that based on the breadth of arguments raised in the reply, TLC

4    should be granted an opportunity to provide a brief response. *See Cedars-Sinai Medical Center v.*

5    *Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999) (a court has the inherent authority to grant leave to a

6    party to file a sur-reply when the information would be germane to the court's evaluation of a

7    pending matter). Therefore, the court shall deny TLC's motion to strike, but allow TLC to file a

8    sur-reply.

9

10         IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. #32) is DENIED.

11         IT IS FURTHER ORDERED that plaintiff shall file a brief sur-reply to defendants' motion

12   for a preliminary injunction of no more than ten (10) pages, within fifteen (15) days of entry of this

13   order.

14         IT IS SO ORDERED.

15         DATED this 9th day of May, 2013.

16

17                                                 LARRY R. HICKS
                                                   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26